**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                              No. CR 11-2292 JB

OLADIPO ALABI,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Letter to the Court from Oladipo Alabi (dated December 5, 2011), filed December 7, 2011 (Doc. 16)("Letter"). The Court held a hearing on December 9, 2011. The primary issue is whether the Court should appoint new counsel to represent Defendant Oladipo Alabi. Because communication appears to have broken down between Alabi and his attorney, Mrs. Susan Dunleavy, the Court will grant the request contained in Alabi's Letter.

Alabi asks the Court for an order appointing new counsel to represent him. In his Letter, Alabi states that he has "come to acknowledge[] the ineffective assistance of the appointed counsel, Mrs. Susan Dunleavy" of the Federal Public Defender's Office. Letter at 1. He then "demand[s] her resignation." Letter at 1. He requests that the Court appoint "Mr. Phillip Medrano" of the Federal Public Defender's Office as his counsel. Letter at 1. Ms. Dunleavy filed her Motion to Continue Date of Trial on December 8, 2011. See Doc. 17. She notes that Alabi had informed her that she is "off the case." Motion to Continue Date of Trial at 2. She states that "Alabi is in custody and would not speak to counsel regarding his position on this motion or any other matter related to the case." Motion to Continue Date of Trial at 2.

At the hearing on December 9, 2011, the Court informed Alabi that it would not allow him to select a different attorney from within the Federal Public Defender's Office, as both Ms. Dunleavy and Mr. Medrano are attorneys employed by that office. See Transcript of Hearing at 3:1-19 (taken December 9, 2011)(Court)("Tr.").[1] The Court informed Alabi that he could either keep Ms. Dunleavy as his attorney or have the Court appoint him new counsel, but that the attorney would be a Criminal Justice Act attorney not from the Federal Public Defender's Office and not Mr. Medrano. See Tr. at 3:1-19 (Court). Ms. Dunleavy stated that she had nothing further to add after hearing the Court's explanation of these matters to Alabi. See Tr. at 3:22-23 (Dunleavy). Mr. Medrano, appearing as a friend of the Court, also expressed his concern that Alabi's request places him and the Federal Public Defender's Office in a difficult position, because Mr. Medrano works with Ms. Dunleavy. See Tr. at 4:6-14 (Medrano). The Court stated that it did not believe that Plaintiff United States of America opposed appointing someone besides Ms. Dunleavy as Alabi's counsel or the Court's decision to avoid placing the Federal Public Defender's Office in a difficult position by requiring them to switch the attorney who represents Alabi. See Tr. at 4:15-21 (Court). The United States asserted that it believed the Court had correctly stated its position regarding the appointment of new counsel. See Tr. at 4:16-22 (Court, Gerson). Alabi then expressed his dissatisfaction with Ms. Dunleavy, including that she would not provide him with certain materials he requested and that she directed him to do things without understanding his position. See Tr. at 4:25-5:21 (Alabi). The Court inquired whether Alabi understood that he would not receive Mr. Medrano as his counsel if the Court appointed new counsel, and Alabi responded that he understood. See Tr. at 6:7-14 (Court, Alabi). He confirmed that he wanted the Court to remove Ms. Dunleavy

---

[1] The Court's citations to the transcript of the hearing refers to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

as his appointed counsel and for the Court to appoint a new attorney. See Tr. at 6:15-23 (Court, Alabi).

Based on Alabi's request and Ms. Dunleavy's representations that Alabi has told her she is off the case and would not communicate with her regarding the case, the Court concludes that appointment of new counsel is appropriate. Communication appears to have broken down between Alabi and Ms. Dunleavy. See United States v. Beers, 189 F.3d 1297, 1302 (10th Cir. 1999). Thus, the Court will grant the request contained in Alabi's Letter.

**IT IS ORDERED** that Defendant Oladipo Alabi's request for appointment of new counsel in the Letter to the Court from Oladipo Alabi (dated December 5, 2011), filed December 7, 2011 (Doc. 16), is granted. The Court removes Susan B. Dunleavy as counsel for the case and orders the clerk's office to appoint new counsel for Alabi.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Jonathon M. Gerson
  Assistant United States Attorneys
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Susan B Dunleavy
  Assistant Federal Public Defender
Federal Public Defender's Office
Albuquerque, New Mexico

    *Attorney for the Defendant*